UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>GERALD CLAUDE CARLSON,<br><br>　　　　　　　　　　Defendant. | CASE NO. CR17-5188RJB<br><br>ORDER GRANTING MOTION TO RECONSIDER DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND GRANTING COMPASSIONATE RELEASE |

THIS MATTER comes before the Court on the above-referenced motion (Dkt. 118). The Court is familiar with the file herein and all documents filed in support of and in opposition to this motion.

RECONSIDERATION

The first matter the Court should consider is whether the Court should allow reconsideration. Western District of Washington Local Criminal Rule 12(b)(13)(A) provides:

> (A) Standards. Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Defendant urges three arguments in support of reconsideration:  First, that current case law clarified that the Court has broad discretion in determining what may be "extraordinary and compelling" under 18 U.S.C. § 3582 (c)(1)(A), contrary to the limitations found in the Order which denied Defendant the relief he seeks (Dkt. 116).

Second, the whole pandemic issue, and issues surrounding Defendant's health, have changed and worsened since said Order (Dkt. 116).

Third, new factual information, not available earlier, has been submitted (s*ee* Dkt. 118 & Exhibits).

The Plaintiff objects to reconsideration (*see* Dkt. 126, Government's Response to Defendant's Motion to Reconsider Motion for Compassionate Release).  The Court, however, finds that the three bases for reconsideration referred to above provide new facts and legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.  The Court should reconsider the Motion for Compassionate Release (Dkt. 99).

## EXTRAORDINARY AND COMPELLING REASONS

For reasons unknown to the undersigned, the judge denying Defendant's motion on July 10, 2020 (Dkt. 116) either overlooked the June 29, 2020, Supplemental Filing by the United States Regarding its Legal Position (Dkt. 112) or felt it not relevant or worthy of comment. Nevertheless, this judge believes that the Court should give credit to Plaintiff's position, and agrees that Defendant's physical and medical conditions are sufficient to justify a finding, that the Court does now find, that those conditions amount to extraordinary and compelling reasons to reduce Defendant's sentence under 18 U.S.C. § 3582(c)(1)(a).

Added to the basis for that finding is the late additional information that Defendant has, in fact, contracted the COVID-09 virus.  His current condition regarding that illness is unknown

to the Court.  What is clear is that the Department of Corrections' efforts were not sufficient to protect Defendant from the virus.

THE 18 U.S.C. 3553(a) FACTORS.

Even if Defendant qualifies for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must consider the sentencing factors set forth in 18 U.S.C. §3553(a) in determining what reduction, if any, is appropriate.

Defendant was convicted at trial of Possession of Methamphetamine with Intent to Distribute and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  Both offenses carried mandatory-minimum sentences – ten years on the drug charge and five years, consecutive, on the firearms charge – for a total of fifteen years.  The sentencing judge followed the law and sentenced Defendant to fifteen years.  In light of the mandatory minimum, the judge did not discuss the 18 U.S.C. 3553(a) factors (*see* Dkt. 85, Transcript of Proceedings & Dkt. 77, Judgment).

The undersigned has considered the Presentence Investigation Report (Dkt, 72), Sentencing Recommendation (Dkt. 71) and Counsel's Sentencing Memoranda (Dkts. 73 & 75) and has reviewed the entire file.

SECTION 3553(a)(1)

It is apparent the Defendant was convicted of serious crimes, as is reflected in the mandatory minimum sentences.  The history and characteristics of the Defendant show a good, hardworking, skilled and successful blue-collar worker, with admittedly a few issues in his background, but with a United States Sentencing Guidelines history category of I.  The Defendant suffered, however, from congestive heart failure which caused him to lose his job as a lineman.  At that point he went off track – he commenced using drugs and got involved in the

activities that let to his arrest and convictions.  Those activities were abberant and unexpected, and out of line with the way he lived his life before his health declined and he lost his job.  It also appears that, after his arrest and conviction, and over time, he has come back to the responsible person he was before his health failed (*see* Dkt. 181-1).

### SECTION 3553 (a)(2)(A)

The offenses are serious, but what is just punishment?  Defendant has served over thirty months in prison, all the time suffering severe health issues – heart failure, type-2 diabetes, mellitus, and obesity, as well as a degenerating hip way overdue for replacement, and now COVID-19.  While he has done less time than most drug traffickers, it has been hard time, and considering Defendant's age (60) a time-served sentence and five years of supervised release provides just punishment.

### SECTION 3553(a)(2)(B) & (C)

The Defendant's arrest, conviction and imprisonment are adequate to deter him from commission of further crimes, and are also adequate to protect the public.

### SECTION 3553(a)(2)(D)

It appears to the Court that Defendant is not in need of training or correctional treatment other than what may be provided by supervised release and its conditions.  It also appears to the Court that Defendant will be better able to manage his necessary medical care outside of a prison setting.

### OTHER SECTION 3553(a) CONSIDERATIONS

The Court has also considered the United States Sentencing Guidelines (*see* Dkt. 72, Presentence Investigation (Dkt. 72) and Revised Sentencing Recommendation (Dkt. 71) and the

ORDER GRANTING MOTION TO RECONSIDER DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND GRANTING COMPASSIONATE RELEASE - 4

question of sentencing disparities that may occur, but are balanced against the extraordinary and compelling facts of this case.

## CONCLUSION

For the foregoing reasons, the Court now ORDERS:

(1) Defendant's Motion to Reconsider Defendant's Motion for Compassionate Release (Dkt. 118) is GRANTED;

(2) The Court's Order Denying Defendant's Motion for Compassionate Release (Dkt. 116) is WITHDRAWN;

(3) Defendant's Motion for Compassionate Release (Dkt. 99) is GRANTED;

(4) Defendant's sentence is hereby reduced to time served, provided that because Gerald Carlson has tested positive for COVID-19, for the protection of Mr. Carlson's health and that of the public, THE COURT ORDERS:

    A. The defendant shall remain in the custody of BOP for fourteen days from the date of this order to ensure that he has recovered from the virus, is well enough to travel and is no longer capable of spreading the virus to others.

    B. If by the tenth day of that period, the medical staff at FMC Rochester determine either that traveling at the end of this fourteen-day period will endanger Mr. Carlson's health, or that based on testing, he might still be capable of spread the virus if released from quarantine, the parties are to provide an immediate status report to the Court with a proposal for addressing the situation.

(5) Defendant shall also serve five years of supervised release on the mandatory, standard, and special conditions set forth in his original sentence (Dkt. 77) and

(6) Defendant shall also pay the $200.00 required special assessment.

1    **IT IS SO ORDERED**.

2    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

3    to any party appearing *pro se* at said party's last known address.

4    Dated this 9th day of November, 2020.

                                *[signature: Robert J. Bryan]*

                                ROBERT J. BRYAN
                                United States District Judge